FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2009 APR 16  AM 10: 48

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**SHANE WRIGHT,** *et al,*

**Plaintiffs,**

v,                                                                    **CASE NO. 8:06-CV-727-T-27MSS**

**FIRST MORTGAGE AMERICA, INC.**
**a/k/a THE FINANCIAL GROUP and**
**BLAIR L. WRIGHT,**

**Defendants,**

_____

## NOTICE OF FILING

Undersigned Defendant, pro se, pursuant to instruction of the Court to attend a Hearing on April 20th, 2009 at 4:00 PM to determine sanctions, a contempt citation, fine and taxation of costs and attorneys fees against Defendant, hereby files this Notice of Filing which includes the Defendant's Notice of Receivership as filed on the February 22nd, 2009 along with a copy of the transmission receipt to the Court and the Plaintiff's Counsel, along with a copy of the ORDER granting the APPOINTMENT OF A RECEIVER WITHOUT NOTICE as executed by Judge Weinstein with the 17th Judicial Circuit Court for Broward County. This Order was executed within a week of the ending Settlement Discussions with the Plaintiff's Counsel. A Receiver has been appointed to Blair Wright, Individually, all properties, companies, personal and professional assets and all other property of every kind including legal rights of actions. The current status of the Receivership is that it is presently awaiting trial.

Date: April 13, 2009.

/s/ Blair L. Wright
Pro se
1606 East Lake Drive
Fort Lauderdale, Florida 33316
Telephone: 954-242-3115
Unitedhomefront@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, April 13, 2009, I electronically transmitted the foregoing document to the U.S. DISTRICT COURT, THE MIDDLE DISTRICT FLORIDA, TAMPA DIVISION for filing and I mailed the foregoing document by first class mail to the following:

Attorney for Plaintiffs

Ryan Barack
Kwall, Showers & Barack PA
133 North Fort Harrison Avenue
Clearwater, Florida   33755-4420

/s/ Blair L. Wright
Pro se
1606 East Lake Drive
Fort Lauderdale, Florida 33316
Telephone: 954-242-3115
Unitedhomefront@gmail.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE WRIGHT, *et al.*,

        **Plaintiffs,**

vs.                                        **Case No. 8:06-CV-727-T-27MSS**

**FIRST MORTGAGE AMERICA, INC.**
**d/b/a THE FINANCIAL GROUP and**
**BLAIR L. WRIGHT,**

        **Defendants.**
_____/

## ORDER

Defendants having failed to show cause in writing why they have failed to comply with this Court's order to commence arbitration and why they have failed to pay the deposit required by the American Arbitration Association, as directed by this Court's February 11, 2009 Order to Show Cause(Dkt. 25), imposition of sanctions is appropriate, in accordance with this Court's February 11, 2009 Order to Show Cause. Accordingly, a hearing will be conducted on **April 20, 2009 at 4:00 P.M.** to determine sanctions, which may include judgment being entered against Defendants, a contempt citation, fine and taxation of costs and attorneys fees.

**DONE AND ORDERED** in chambers this 26th day of March, 2009.

                                                  JAMES D. WHITTEMORE
                                                  United States District Judge

Copies to: Counsel of Record, Defendants

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE WRIGHT, *et al*,

        Plaintiffs,

v,                              CASE NO. 8:06-CV-727-T-27MSS

FIRST MORTGAGE AMERICA, INC.
a/k/a THE FINANCIAL GROUP and
BLAIR L. WRIGHT,

        Defendants,

---

## DEFENDANT'S NOTICE OF RECEIVERSHIP AND UNAVAILABILITY

Undersigned Defendant, pro se, has been made unavailable for an indefinite time period

due to the Order of Receivership and Motion for Injunction and Appointment of a Receiver, as

executed by Judge Weinstein, in the Circuit Court of the Seventeenth Judicial Circuit Court for

Broward County—Case Number 09-5218 (12). A Receiver has been appointed to all properties,

assets and all other property of every kind including rights of actions.

Dated: February 22, 2009.

                             /s/ Blair L. Wright
                             Pro se
                             1606 East Lake Drive
                             Fort Lauderdale, Florida 33316
                             Telephone: 954-242-3115
                             bwright@outreachhousing.org

Copies to:
Counsel of Record



Blair Wright <unitedhomefront@gmail.com>

# Case No: 8:06-cv-727-T-27MSS
2 messages

**Blair Wright <unitedhomefront@gmail.com>**                                                  Sun, Feb 22, 2009 at 6:33 PM
To: cmecf_flmd_notification@flmd.uscourts.gov, 6195256@flmd.uscourts.gov
Cc: scoleman@pcsonet.com, rbarack@ksblaw.com, dmcnabb@ksblaw.com, jackie@ksblaw.com
Bcc: Blair Wright <unitedhomefront@gmail.com>

Defendant's Notice of Unavailability and Receivership has been electronically mailed to:

cmecf_flmd_notification@flmd.uscourts.gov;
6195256@flmd.uscourts.gov;
scoleman@pcsonet.com;
rbarack@ksblaw.com;
dmcnabb@ksblaw.com;
jackie@ksblaw.com

Blair L. Wright
1606 East Lake Drive
Fort Lauderdale, Florida   33316
Ph: 954-242-3115

📄 **Wright vs. Wright.doc**
    28K

---

**Mail Delivery System <MAILER-DAEMON@smtp1-i.lsm.gtwy.dcn>**                      Sun, Feb 22, 2009 at 6:33 PM
To: unitedhomefront@gmail.com

The following message to <6195256@flmd.uscourts.gov> was undeliverable.
The reason for the problem:
5.1.0 - Unknown address error 550-'6195256@flmd.uscourts.gov... No such user'

Final-Recipient: rfc822;6195256@flmd.uscourts.gov
Action: failed
Status: 5.0.0 (permanent failure)
Remote-MTA: dns; [156.119.30.245]
Diagnostic-Code: smtp; 5.1.0 - Unknown address error 550-'6195256@flmd.uscourts.gov... No such user' (delivery
attempts: 0)

---------- Forwarded message ----------
From: Blair Wright <unitedhomefront@gmail.com>
To: cmecf_flmd_notification@flmd.uscourts.gov, 6195256@flmd.uscourts.gov
Date: Sun, 22 Feb 2009 17:33:26 -0500
Subject: Case No: 8:06-cv-727-T-27MSS

noname
0K

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: 09 - 5218 (12)

STATE OF FLORIDA, ex rel.
OFFICE OF FINANCIAL
REGULATION,

       Plaintiff,

vs.

OUTREACH HOUSING, L.L.C.,
and BLAIR L. WRIGHT,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION AND APPOINTMENT OF A RECEIVER WITHOUT NOTICE

This cause came on to be heard *ex parte* on Plaintiff's Emergency Motion for a Temporary Injunction and Appointment of a Receiver as prayed for in the Verified Complaint and the supporting Motion, and it appearing to the Court from the Verified Complaint, the Motion, and the Exhibits attached thereto, that an emergency exists in that the Defendants continue to engage business as an unlicensed mortgage lender in violation of state mortgage brokerage and lending laws. The Court is also concerned, and the evidence tendered to the Court shows, that there is imminent danger of loss or dissipation of consumers' transfers of property in the form of 60% to 2/3rds of monthly installment payments of mortgage principal and interest payments made by the consumers responding to Defendants advertisements for services that Defendants are not authorized by law to provide, and further that funds consumers have transferred Defendants converted to their own property and assets, and the probative evidence and relevant books, file, records, and data demonstrating and recording these consumer



EXHIBIT
1

transactions with Defendants, may be lost, destroyed, moved, or concealed if a Temporary Injunction is not issued, and a Receiver is not appointed, immediately.

The Court finds at this time the following reasons for entry of this Order:

1.     Defendants in this case have raised in excess of 1.6 million dollars from no less than 600 consumers by operating an unlicensed mortgage lending operation.

2.     Defendants, and their agents, induce consumers responding to the advertisements, immediately and without regard or reference to the specific terms of the consumer's mortgage loan transaction, by representing to consumers that the consumer's mortgage lender violated federal law when conducting the consumer's mortgage transaction and that federal law provides remedies to the consumer for such violations.

3     Consumers are induced to contract with Defendants, on the basis of the Defendants' confidence in, acclaimed knowledge, accuracy, and certainty of, mortgage lenders' violations of federal law and remedies available thereunder, all of which Defendants misrepresent without any substantive analysis or review being made of the terms of each consumer's specific mortgage loan transaction.

4.     Defendants conceal from consumers that since 1997, if not earlier, the federal courts have ruled that under RESPA there is no private right of action for consumers to bring for a mortgage lender's alleged failure to (a) provide a good faith estimate within 3 days of the loan application, (b) provide a good faith estimate disclosing the yield spread premium, and (c) failure to provide notice of change of service upon assignment of the loan, the very violations of RESPA that Defendants induce consumers to rely upon.

5.     Defendants also conceal from consumers that although TILA allows for rescission in some instances, rescission is not an available remedy for certain residential mortgage

transactions, a remedy Defendants misrepresent to induce consumers to contract for Defendants' services.

6.  Defendants conceal from consumers that the federal courts have ruled that a claim for damages under TILA is time-barred one year from the date of closing and therefore is not an available remedy for all consumers of residential mortgage transactions under TILA. Defendants conceal from consumers that their case may present a statute of limitations bar "apparent from the face of the complaint" subject to a motion to dismiss.

7.  Defendants require consumers to execute four documents: Client Authorization and Consent, Limited Power of Attorney, Escrow Schedule, and Authorization to Debit Bank Account, which effectively require consumers to transfer 60% to 2/3rds of their mortgage payments of principal and interest, to accounts controlled by Defendants instead of to the consumers' mortgage lenders, in exchange for Defendants' false promise of services.

8.  Defendants represent to consumers that Defendants will retain and pay attorneys to act on behalf of the consumers and that Defendants will pay all fees associated with legal representation on behalf of the consumers.

9.  Contrary to Defendants' representations to consumers, in many instances, Defendants have not retained attorneys to represent the interests of consumers, but instead continue to receive transfers of 60% to 2/3rds of the consumers' mortgage payments of principal and interest for months, adding up to several thousand dollars or more for many consumers.

10.  Contrary to Defendants' representations to consumers, in many instances, Defendants have not paid attorneys retained to represent the interests of consumers, causing these affected consumers to suffer abandonment of their cases and orders of dismissal with prejudice of their federal lawsuits.

11.     Defendants conceal from consumers, and otherwise fail to disclose to consumers, a standard provision in mortgages, that allows for the lender to obtain an award for attorney's fees and costs against the borrower and add that amount on as an additional debt of the consumer/borrower.

12.     Contrary to Defendants' representations to consumers, Defendants do not provide the services that they represent that they will provide consumers, but instead continue to receive transfers of 60% to 2/3rds of the consumers' mortgage payments of principal and interest into accounts controlled by Defendants, which Defendants promptly receive, transfer and convert to their own assets.

13.     In the absence of emergency relief by this Court, Defendants will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office by operating as an unlicensed mortgage lender, receiving consumers' mortgage principal and interest payments, misrepresenting the nature of Defendants' services, misrepresenting Defendant's success in renegotiating mortgage terms on behalf of consumers, misrepresenting mortgage lenders' violations of federal law forming the basis of consumer's anticipated federal lawsuits against mortgage lenders and concealing from consumers material facts and creating imminent danger to the financial welfare of consumers and the public.   The Office has no adequate remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

14.     Since a date unknown, but since at least September 6, 2007, and continuing through the date of filing this Verified Complaint, Defendants, have engaged in, and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by acting as an unauthorized and unlicensed mortgage lender in violation of sections 494.0025(1) and 494.0061, Florida Statutes.

Defendants, have engaged in, and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by servicing mortgage loans, receiving, or causing to be received or transferred for another installment payments of principal, interest, or other payments pursuant to a mortgage loan. The Office has no adequate remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

15.     Since a date unknown, but since at least September 6, 2007, and continuing through the date of filing this Verified Complaint, Defendants, have engaged in, and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by acting as an unauthorized and unlicensed mortgage lender without demonstrating a required net worth of $250,000.00 and without maintaining a required surety bond in the name of the state of Florida, which are required to assure adequate protection for the public, in violation of section 494.0061, Florida Statutes. The Office has no adequate remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

16.     Since a date unknown, but since at least September 6, 2007, and continuing through the date of filing this Verified Complaint, Defendants, have engaged and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by engaging in an unlicensed course of business that is designed to further the direct and indirect promotion of the Defendants' course of business with the intent to evade the licensure and public filing requirements of section 494.0061, Florida Statutes, to evade exposure to regulatory examination by the Plaintiff of Defendants' business practices, books, records, files, and transactions with consumers relating to mortgages, and conceal from the public at large the true nature of its harmful business activities. The Office has no adequate

5

remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

17.    Since a date unknown, but since at least September 6, 2007, and continuing through the date of filing this Verified Complaint, Defendants, have engaged and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by engaging in a practice, transaction, or course of business relating to the sale, purchase, negotiation, promotion, advertisement, or hypothecation of mortgage transactions, directly or indirectly: (1.) knowingly or willingly employing a device, scheme, or artifice to defraud; (2.) engaging in a transaction, practice, or course of business which operates as a fraud upon a person in connection with the purchase or sale of any mortgage loan; or (3.) obtaining property by fraud, willful misrepresentation of a future act, or false promise in violation of sections 494.0025(4)(a)-(c), Florida Statutes. The Office has no adequate remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

18.    Since a date unknown, but since at least September 6, 2007, and continuing through the date of filing this Verified Complaint, Defendants, in a matter within the jurisdiction of the Office of Financial Regulation, have engaged and unless enjoined will continue to engage in unlawful activity that will result, and has resulted, in irreparable harm to consumers and the Office, by knowingly and willfully falsifying, concealing, or covering up by a trick, scheme, or device a material fact, making a false or fraudulent statement or representation, or making or using a false writing or document, knowing the same to contain a false or fraudulent statement or entry in violation of Section 494.0025(5), Florida Statutes. The Office has no adequate remedy at law to enjoin Defendants from engaging in the unlawful practices described in this paragraph.

19.    As a result of Defendants' unauthorized and unlicensed course of business and other specified illegal activity under chapter 494, Florida Statutes, described herein, the Office

6

has a substantial likelihood of success on the merits and a clear legal right to the relief requested pursuant to section 494.0013(1), Florida Statutes.

20.    As a result of Defendants' unauthorized and unlicensed course of business and other specified illegal activity under chapter 494, Florida Statutes, described herein, Defendants' have exposed, and unless enjoined will continue to expose, the public to economic harm that outweighs any possible harm that could come to Defendants if the injunction is granted.

21.    For the foregoing reasons, and based upon the findings described herein, it is in the public interest that an injunction be granted and doing so will not disserve the public interest.

22.    Furthermore, affording Defendants notice and an opportunity to be heard in opposition to the Office's application for injunctive relief at this time would likely result in the continuation of unlawful and fraudulent acts and practices described herein, and accelerate the dissipation and loss of substantial amounts of unsecured monies acquired already by the Defendants in violation of Florida law, and allow Defendants to hasten the destruction, alteration or the concealment of the books, records and accounts of the Defendants, to further conceal evidence of the unlawful acts described herein.

23.    There is imminent danger that consumers' property in the form of mortgage payments transferred, received and converted to property of Defendants, and probative evidence and relevant books, records and data of the Defendants, may be lost, destroyed, moved or concealed if a Temporary Injunction is not issued.

24.    There is imminent danger that consumers' property in the form of mortgage payments transferred, received and converted to property of Defendants, will be further dissipated, moved beyond the jurisdiction of the state of Florida, and become untraceable if a Temporary Injunction is not issued.

25.   Adequate grounds exist for the issuance of this Order without prior notice to the Defendants.

Therefore, in consideration of the Record and these findings at this time:

I.

**NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that pending final determination of this action, the Defendants, Outreach Housing, L.L.C., and Blair L. Wright, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, be, and they and each of them hereby are, restrained and enjoined from, directly or indirectly:

A.   Acting as a mortgage lender in this state without a current, active license issued by the Office pursuant to ss. 494.006-494.0077; and

B.   Engaging in any practice or transaction or course of business relating to the sale, purchase, negotiation, promotion, advertisement, or hypothecation of mortgage transactions, directly or indirectly:

(1)   To knowingly or willingly employ any device, scheme, or artifice to defraud;

(2)   To engage in any transaction, practice, or course of business which operates as a fraud upon any person in connection with the purchase or sale of any mortgage loan; or

(3)   To obtain property by fraud, willful misrepresentation of a future act, or false promise; and

(C)   In any matter within the jurisdiction of the office, to knowingly and willfully falsify, conceal, or cover up by a trick, scheme, or device a material fact, make any false or

8

fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false or fraudulent statement or entry;

    (D)    Acting as a mortgage lender without submitting to the Office audited financial statements, which documents disclose that the Defendant Outreach Housing, L.L.C., has a bona fide and verifiable net worth, pursuant to United States generally accepted accounting principles, of at least $250,000, which must be continuously maintained as a condition of licensure; and

    (E)    Acting as a mortgage lender without submitting to the Office a surety bond in the amount of $10,000, payable to the state and conditioned upon compliance with ss. 494.001-494.0077, which inures to the Office and which must be continuously maintained thereafter in full force; and

## II.

IT IS FURTHER ORDERED that Daniel J. Stermer, Esq., of Lewis B. Freeman & Partners, Inc., 66 N.W. 16th Street, Plantation, FL 33313 is hereby appointed the Receiver for the Receivership Entities Outreach Housing, L.L.C., and Blair L. Wright (hereinafter collectively referred to as "Receivership Entities"), their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

    1.    Take immediate possession of all Receivership Entities' property, assets and estate, and all other property of these of every kind whatsoever and wheresoever located belonging to or in the possession of Receivership Entities including but not limited to all offices maintained by Receivership Entities, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Receivership Entities wherever situated, and to administer such assets as

is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2.      Investigate the manner in which the affairs of Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of Receivership Entities and their consumer/customers and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from consumer proceeds from contracting for services of Defendants including against Receivership Entities, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of monies or other proceeds directly or indirectly traceable from consumer contracting for services of Defendants, provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3.      Present to this Court a report reflecting the existence and value of the assets of Receivership Entities and of the extent of liabilities, both those claimed to exist by others and those, which the Receiver believes to be legal obligations of Receivership Entities;

4.      Appoint one or more special agents, employ legal counsel, actuaries, accountants, claims administrators, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all, reasonable expenses of taking possession of Receivership Entities' property, assets, and business, and

exercising the power granted by this Order, and approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

5.      Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshall Service, Broward County Sheriff's Office or a private security firm;

6.      Defend, compromise, enter pleas, or settle legal actions, including the instant proceeding, in which Receivership Entities or the Receiver is a party, commenced-either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where any Receivership Defendant is a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of the Receivership Entities, the Receiver may file appropriate pleadings in the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by the Receivership Entities;

7.      Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm, escrow agent, or financial institution which has possession, custody or control of any assets or funds, wherever situated, of Receivership Entities and, upon, order of this Court, of any of their subsidiaries or affiliates; provided that the Receiver deems it necessary;

8.      Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging the Receiver's duties;

9.      Have access to and review all mail and email of Receivership Entities (except for mail or email that appears on its face to be purely personal or attorney-client privileged) received at any office of the Receivership Entities. All mail or email addressed to Blair L. Wright that is

opened by the Receiver that, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy;

10.    The Receivership Entities, and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Receivership Entities shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of any Receivership Defendant;

11.    All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of any Receivership Defendant shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12.    Unless authorized by the Receiver, the Receivership Entities and their principals shall take no action, nor purport to take any action, in the name of or on behalf of any of the Receivership Entities;

13.    The Receivership Entities and their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appear for deposition testimony and produce documents upon three (3) business days' notice (by facsimile). The Receivership Entities and their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or

indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver and any counsel or accountant whom the Receiver may select, subject to the approval of the Court, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Receivership Entities, amount or amounts commensurate with their duties and obligations under the circumstances. The Court orders that the Receiver shall have a priority interest in the funds and assets of the Receivership Entities to secure the payment of his costs and fees. The Court grants this priority interest to the Receiver for the specific purpose of insuring that the Receiver will have the resources necessary to perform his duties and protect all interested parties, including consumers/customers of Outreach Housing, L.L.C. The Receiver's compensation shall be paid only upon the application of the Receiver and further Order of this Court;

15. Title to all property, real or personal, all contracts, rights of action and all books and records of Receivership Entities and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

16. Upon request by the Receiver, any company providing telephone services to the Receivership Entities shall provide a reference of calls from the number presently assigned to the Receivership Entities to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

17. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

18.    The United States Postal Service is directed to provide any information requested by the Receiver regarding the Receivership Entities and to handle future deliveries of the mail of the Receivership Entities as directed by the Receiver;

19.    No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

20.    No bond shall be required in connection with the appointment of the Receiver; however, the Receiver is permitted, at his discretion, to use Receivership Assets to obtain a bond should he so chose;

21.    In the event that the Receiver discovers that funds of persons who have contracted for services of Outreach Housing, L.L.C., have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

22.    Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of, and obtain the production documents from, parties and non-parties subject to three (3) business days notice. In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within five (5) calendar days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier. Depositions may be taken by telephone or other remote electronic means;

23.     The Receiver shall be empowered, but is not required, to file voluntary petitions for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receivership Entities; and

24.     The Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the Defendants or Relief Defendant to comply in any way with the terms of this Order.

### III.

IT IS FURTHER ORDERED and the Court hereby enjoins any party (excluding the Receiver, the Florida Office of the Attorney General, and/or any other regulatory body or law enforcement agency of the United States or its constituent states) with notice of this Order from initiating, maintaining, or in any way prosecuting in any other court any proceeding, suit, or action against any of the above-named Defendants. Additionally, the Court hereby enjoins any party (excluding the Receiver, the Florida Office of the Attorney General, any other regulatory body or law enforcement agency of the United States or its constituent states or any party with the express written consent of the Receiver or this Court) with notice of this Order from initiating, maintaining, or in any way prosecuting in any court any proceeding, suit or action that may diminish or usurp property of the Receiver or the Receivership Entities' estates, including, but not limited to, causes of action that the Receiver may have standing to bring or that may belong to the Receiver, or that may belong to any consumer, or group of consumers or any class or group of consumers against the Receivership Entities' former principals, professionals or against other third parties. Unless otherwise expressly authorized by the Receiver or the Court, such proceedings, suits, and actions must be brought in the form of a proceeding ancillary to this Proceeding pursuant to this Order. The Receiver may provide effective notice of this injunction contained in this Order by publication as provided for in the Florida Statutes or Florida Rules of

Civil Procedure, or by filing notice of this Order in any such proceedings, suits and actions brought prior to the entry of this Order.

## IV.

IT IS FURTHER ORDERED that each Defendant prepare and present to this Court and to the Office a sworn accounting of all funds received by that Defendant pursuant to the scheme, unlicensed course of business, and consumer transactions related to mortgages described in the Office's Verified Complaint and of the disposition and use of said proceeds. This accounting shall include, but not be limited to, the name and address of each consumer/customer, the amount of consumer's money transferred to accounts controlled by Defendants, the amount of money Defendants then transferred to their own accounts, the amount of money Defendants transferred to others, the total amount received from consumers/customers, the date each such contract for services was made and a listing of all expenditures showing the amount and to whom paid and the date of payment. The accountings shall be submitted to this Court and served upon the Office and the Receiver within 20 days from the date of entry of this Order.

## V.

IT IS FURTHER ORDERED that pending further order in of this action, the Receivership Entities, their directors, officers, their assignees, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participating with them, and each of them, be and they hereby are, restrained from, directly or indirectly, transferring, moving, setting off, receiving, changing, selling, pledging, assigning, conveying, liquidating, or otherwise disposing or withdrawing any assets or property owned by, controlled by, under the direction or instruction of, or in the possession of the Receivership Entities, or their banks, financial institutions or depositories, including, but not limited to: accounts at Rocky Mountain Bank and Trust, and the Bank of America; and any cash, free credit balances, receivables, credit

items, deposits, securities, fully paid for securities, property pledged or hypothecated as collateral for loans, and other assets, of the Receivership Entities, obtained by them from the Receivership Entities, or held for the account of the Receivership Entities, currently held by them or under their control, wherever situated, and any property under the control of the Receivership Entities' agents, officers, servants, employees and attorneys which was obtained from any Receivership Entity; and directing each of the financial, banking or brokerage institutions, bailees, debtors or any other persons or entities holding any such assets, funds, or other properties of the Receivership Entities, or their agents, to hold and retain within their control such assets, funds, or other properties and prohibit their removal, sale, assignment, withdrawal, transfer, setoff, pledge, change, or disposal, until further order of this Court.

## VI.

IT IS FURTHER ORDERED that pending further order in this action, the Receivership Entities, their directors, officers, their assignees, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and their depositories and banks and financial institution, shall grant unfettered access to the Plaintiff and their counsel and agents, and to the Receiver appointed by this Court, and his counsel, agents and representatives, to all property, business premises, papers, records, books of account, computer records and computer-stored data and computer terminals and equipment, files, documents, computer data backups, or other things of or pertaining in any way to the subject matter of this litigation (of whatever nature and wherever situated) in their possession or under their control, and such access shall include the right to access and to inspect and to copy in any form such papers, records, books of account, computer records and computer stored data, files, documents, and computer data backups.

## VII.

IT IS FURTHER ORDERED that pending further order in this action, the Receivership Entities, their directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring, moving, concealing, erasing, deleting, mutilating, altering, disposing or otherwise rendering unintelligible or inaccessible or illegible all books, records, documents, contracts, agreements, assignments, obligations, papers, ledgers, accounts, statements, journals, files, computer records, computer-maintained data, computer-stored or computer-generated data, computer-readable data, and other property of the Receivership Entities that are referred to or described in, or are the subject of, the Verified Complaint in this action.

## VIII.

IT IS FURTHER ORDERED that pending further order in this action, the directors, officers, their assignees, agents, attorneys, partners and those persons in active concert or participation with them, of the Receivership Entities are relieved of all management duties and authority over the affairs of the Receivership Entities. The directors, officers, their assignees, agents, attorneys, and those persons in active concert or participation with them, of the Receivership Entities are hereby restrained and enjoined from interfering in any manner with the duties of the Receiver and are further ordered to deliver to the Receiver any and all property, business premises, papers, records, books of account, computer records and computer-stored data and computer terminals and equipment, files, documents, computer data backups, or other things of or pertaining in any way to the subject matter of this litigation (of whatever nature and wherever situated) in their possession.

18

### IX.

**IT IS FURTHER ORDERED** that Plaintiff, State of Florida, Office of Financial Regulation and the Receiver, Daniel J. Stermer, Esq., of Lewis B. Freeman & Partners, Inc., 66 N.W. 16th Street, Plantation, FL 33313, are not required to give any bond.

### X.

**IT IS FURTHER ORDERED** that service of this Order shall be effected upon Defendants or their controlling persons, attorneys, or registered agents personally, by facsimile, by overnight courier, or by mail on or before the 3rd day of February 2009 at or before 5 p.m.

**DONE AND ORDERED** at _4:15_ o'clock, _P_ .m., this _28th_ day of _Jan_____, 2009, at _Broward_____, Florida in open court.

_____
Circuit Judge



STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office of the Circuit Court Clerk of Broward County, Florida.
WITNESS my hand and Official Seal at Fort Lauderdale Florida, this the _____ day of _____ 20___
Clerk of the Court
Deputy Clerk

JAN 28 2009

17th
JUDICIAL
CIRCUIT

19