UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE WRIGHT, *et al*,

Plaintiffs,

v,   CASE NO.8:06-CV-727-T-27MSS

FIRST MORTGAGE AMERICA, INC.
a/k/a THE FINANCIAL GROUP and
BLAIR WRIGHT,

Defendants,

---

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE PLAINTIFF MOTION FOR ENTRY OF JUDGMENT

The Defendant, BLAIR WRIGHT (hereinafter "Defendant"), pro se, hereby moves this Court for an Enlargement of Time to Respond to the Plaintiff's Motion For Entry of Judgment, as follows:

1.  On April 16th, 2009, the Defendant filed a Notice with this Court the Defendant's Notice of Receivership as filed by and executed by Judge Weinstein with the 17th Judicial Circuit Court for Broward County. A Receiver was appointed to Blair Wright, Individually, surrendering all properties, companies, personal and professional assets and all other property including legal rights of actions. A copy of the Notice is attached as Exhibit "A".

2.  On December 10th, 2009, the Circuit Court Judge Peter Weinstein (CACE 09-005218) entered an Order Granting Relief from Stay allowing the Defendant to move forward with efforts in obtaining discovery from the Receiver, namely due to the Receiver Company, Lewis B. Freeman & Partners, Inc. which fell under receivership in October, 2009, and is/was the subject of an FBI investigation; in that, the Receiver was a Partner in the entity the Defendant

requested relief from the matter from Judge Weinstein, allowing the Defendant to conduct discovery for various litigation matters, and respectfully requested that the Court not be prejudice in the Defendant's right to defend himself. A copy of the Motion is attached as Exhibit "B".

3. On December 17th, 2009, the Circuit Court Judge Peter Weinstein (CACE 09-005218) entered an Order Granting Receiver's Motion for Discharge and Granting Additional Relief (the "Order"). A copy of the Order is attached as Exhibit "C".

4. Pursuant to the Order, which contained extensive handwritten edits, all records in the possession of the Receiver were to be released for inspection by the Defendant. On January 12th, the undersigned visited the premises and was denied access. The Defendant has now moved for a Motion to Compel the Receiver to Comply with the Court's Orders dated December 17th, 2009, and requested the return of the Defendants Privileged Documents which included attorney-client privilege document relief (item 11, Exhibit "D"). A copy of the complete Motion is attached as Exhibit "D".

5. Plaintiff, in this Middle District matter, filed their Motion for Judgment on January 8, 2010. Upon receipt of the Motion on January 16th, 2010, and at a time when the Defendant was attempting to gain a resolution in the Weinstein matter, the Defendant requested an initial response extension from the Plaintiff Counsel to the 1st of February, 2010. A copy of the email confirmation and the Plaintiff's Motion for Entry of Judgment is attached as Exhibit "E".

6. During the time period of January 16th to February 1st, 2010, the Defendant from limited access and records obtained limited records to support the Defendant's impending Objection to the Plaintiff Motion for Judgment and the Plaintiffs' respective Declarations as attached to the Motion for Judgment filed on January 8th, 2010. From a single, personal email,

one of the Plaintiff's Payroll Summary (Maphis) notes recognized outstanding and unpaid "draw" of $2000. This amount remains outstanding and would offset the amount claimed by Maphis, along with the supporting correspondence from National Association of Mortgage Brokers (NAMB) and its requested written ruling from the U.S. Department of Labor providing the verified opinion regarding certain "sales force" mortgage loan officers who would not qualify for the minimum wage and overtime exemption pending particularity of the respective job function of the loan officer (dated September, 2005, & March, 2006, respectively). The Weinstein Motion to Compel includes these supporting documents, cited in the U.S. Department of Labors opinion for noted Section 13(a)(1) of the Fair Labor Standards Act (FLSA). These documents include, but are not limited to, the Loan Officer Job Description, the respective Phone Records, the Payment Records, the Affidavits from Departmental Managers, and the former Administrative Personnel for the Defendant, First Mortgage America Inc. These documents once compelled will demonstrate that the Plaintiff is not due the amounts included in their Declarations and that they have committed improperly presented these statements to the Court. Prejudice will occur if the Defendant is not able to conduct and compel discovery for its defense.

7. The Defendant requests an enlargement of time pursuant to Fed. R. Civ. P. 6(b) to respond to Plaintiff's Motion, which is due today, February 1, 2010, to obtain necessary documents and facts to refute the Plaintiff's Motion for Judgment on the Pleadings. The Defendant's inability to access these documents is through no-fault of his own.

8. This Motion is made in good faith and not for the purposes of harassment or delay.

9. The Plaintiffs will not be prejudiced by the Court granting said Motion.

WHEREFORE, the Plaintiff prays that this Honorable Court grant a thirty (30) day enlargement of time to file their Response to Plaintiff's Motion.

### GOOD FAITH CERTIFICATION-ATTEMPT TO CONFER

On February 1st, 2010, Defendant attempted to confer with counsel for Plaintiff regarding the relief requested in this Motion.

### CERTIFICATE OF SERVICE

I hereby certify that on **February 1, 2010,** I emailed and sent via Overnight Delivery fthe foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of email or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of the Filing.

Date: February 1st, 2010.

/s/Blair L Wright
Pro se
3000 Holiday Drive, #603
Fort Lauderdale, Florida 33316
Telephone: 954-242-3115
Legalkindle@yahoo.com

## SERVICE LIST
### SHANE WRIGHT, *et al*, v, FIRST MORTGAGE AMERICA, INC. a/k/a THE FINANCIAL GROUP and BLAIR WRIGHT, CASE NO.8:06-CV-727-T-27MSS
**United States District Court/Middle District of Florida**

Ryan Barack
Kwall, Showers & Barack PA
133 North Fort Harrison Avenue
Clearwater, Florida 33755-4420
rbarack@ksblaw.com
Counsel for Plaintiff
SHANE WRIGHT, *et al*,

Served via CM/ECF                Served via email